**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Walter Shepherd, | No. CV-19-03375-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew M. Saul, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff Joseph Shepherd moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 21. No response has been filed. For reasons stated below, the Court will grant the motion and award Plaintiff $8,230.53 in EAJA fees.

**I.  Background.**

An administrative law judge ("ALJ") denied Plaintiff's application for social security benefits. AR 13-32. That decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-6. Plaintiff then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. On April 7, 2020, the Court vacated the Commissioner's decision and remanded the case for further proceedings. Doc. 19. Plaintiff now seeks an award of EAJA fees, arguing that the Commissioner's position was not substantially justified. Docs. 21 at 2, 22 at 5-8.

## II. Legal Standard.

The EAJA provides that a court shall award to a prevailing party the attorneys' fees incurred by that party in proceedings for judicial review of agency action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). Under the EAJA, courts routinely award attorneys' fees to claimants who successfully challenge the denial of social security benefits. *See, e.g.*, *Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014). Where a successful claimant seeks attorneys' fees, it is the Commissioner's burden to show that his position was substantially justified or that special circumstances make a fee award unjust. *Id.* at 832; *see Hardisty*, 592 F.3d at 1076 n.2 (citing *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995) ("The EAJA creates a presumption that fees will be awarded to prevailing parties.")).

## III. Discussion.

Plaintiff "is a prevailing party for purposes of the EAJA because [he] obtained an order from the Court remanding the case to the Commissioner." *Vargas v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04712-PHX-MTL, 2020 WL 3050706, at *2 (D. Ariz. June 8, 2020) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993)); *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."); *Woody v. Astrue*, No. CV-07-2164-PHX-DGC, 2010 WL 965303, at *1 (D. Ariz. Mar. 16, 2010) ("Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g).").

The Court remanded the case because the ALJ erroneously discredited Plaintiff's symptom testimony and the opinion of a treating physician. Doc. 19 at 3-15. By not opposing Plaintiff's motion, the Commissioner has failed to carry his burden of showing that his position was substantially justified or that special circumstances make an award of fees unjust. *See Woody*, 2010 WL 965303, at *1. Plaintiff is thus entitled to a fee award

under the EAJA.  *See* 28 U.S.C. 2412(d)(1)(A); *Gutierrez*, 274 F.3d at 1257-58; *Wyatt v. Berryhill*, No. 3:17-cv-00220-HDM-WGC, 2019 WL 1647794, at *3 (D. Nev. Mar. 21, 2019) (awarding EAJA fees where "the Commissioner did not present an argument that its position was substantially justified").

Plaintiff's counsel has filed an affidavit and an itemized statement of fees showing that he worked 40.1 hours on this case and that the fees total $8,230.53 (an hourly rate of $205).  Docs. 22-2, 22-3.  The Court finds the requested fee amount to be reasonable.  *See* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) (same).  The Court will grant Plaintiff's motion and award him $8,230.53 in attorneys' fees under the EAJA.

**IT IS ORDERED:**

1. Plaintiff's motion for award of attorneys' fees under the EAJA (Doc. 21) is **granted**.

2. Plaintiff is awarded **$8,230.53** in attorneys' fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 4th day of August, 2020.

David G. Campbell
Senior United States District Judge