**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Walter Shepherd,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-19-03375-PHX-DGC<br><br>**ORDER** |

　　　　Plaintiff's counsel, Mark Caldwell, has filed a motion for an award of $41,801.40 in attorney's fees under 42 U.S.C. § 406(b). Doc. 24. Defendant takes no position on the reasonableness of the amount of fees sought because she is not party to the fee agreement between Plaintiff and his counsel, but rather acts in a role "resembling that of a trustee" for Plaintiff. Doc. 26 (citing *Gisbrecht v. Barhart*, 535 U.S. 789, 798 n.6 (2002)). For reasons stated below, the Court will grant the motion.

　　　　The fee agreement between Plaintiff and counsel provides for a contingency fee of 25% of all past-due benefits awarded to Plaintiff. Doc. 25-2 at 2. Plaintiff was awarded $184,505.60 in past-due benefits. Doc. 25-1 at 3; *see also* Doc. 26 at 2 n.2. The Social Security Administration ("SSA") withheld 25% of this amount, or $46,126.40, from the award. Doc. 25-1 at 4. Counsel has petitioned the SSA for a fee for administrative services under 42 U.S.C. § 406(a) of $4,325.00, leaving $41,801.40 remaining for potential attorney fees. Doc. 25, at 2. Counsel has submitted documentation showing that he performed 40.1

hours of billable work on this case. *See* Doc. 25-3. The effective hourly rate is $1,042.43 ($41,801.40/40.1 hours). *See* Doc. 25 at 4.

Section 406(b) calls for court review of contingent-fee arrangements as an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within that boundary, a plaintiff's attorney must show that the fee sought is reasonable for the services rendered. *Id.* In assessing the reasonableness of a contingent-fee arrangement, a district court should consider the following factors: the character of the representation and whether such representation was substandard, the results achieved, delay attributable to the attorney, and whether the fee is in proportion to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

The Court finds that the fees requested by counsel in this case are reasonable. There is no indication of substandard representation, and the award counsel achieved for Plaintiff was considerable. Nor was there any notable delay in the progress of the case attributable to counsel. From complaint to remand, the case ran less than one year. And the fee does not appear disproportionate to the time counsel recorded. The opening and reply briefs were detailed and tailored to the specific issues in Plaintiff's case.[1] The Court is also mindful that the 25% contingent fee awarded here is less than the standard contingent fee outside of the Social Security context, which often ranges from 30-40%, and that attorneys such as counsel assume some risk of not getting paid by working solely on a contingent fee basis. The Court sees no reason to adjust downward from the 25% rate counsel and Plaintiff agreed upon on the outset of this case. *See Biggerstaff v. Saul*, 840 F. App'x 69, 71 (9th Cir. 2020) (affirming fees amounting to $1,400 per hour); *Stephen M. v. Saul*, No. ED CV 18-2325-PLA, 2021 WL 1255191, *3 (C.D. Cal. Jan. 13, 2021) (awarding fees amounting to $1,329.79 per hour); *Daniel v. Astrue*, No. EDCV 04-01188-MAN, 2009 WL

---

[1] *Compare Davis v. Astrue*, No. 07-6352-PK, 2010 WL 2720732, *5 (D. Or. July 7, 2010) (adjusting attorney fee downward after commenting on the simplicity of the case and counsel's anemic reply brief, which was fewer than 4 pages).

- 2 -

1941632, *2 (C.D. Cal. July 2, 2009) (awarding fees amounting to $1,491.25 per hour); *see also Villa v. Astrue*, No. CIV-S-06-0846 GGH, 2010 WL 118454, *2 (E.D. Cal. Jan. 7, 2010) (awarding fees amounting to an hourly rate exceeding $1,000 per hour and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").

The Court, accordingly, concludes that counsel is entitled to $41,801.40. This amount equals 25% of the past-due benefits award of $184,505.60, minus the $4,325.00 counsel has requested from the SSA for administrative services pursuant to § 406(a).

**IT IS ORDERED:**

1. Counsel's motion for award of attorney's fees under § 406(b) (Doc. 24) is **granted** pursuant to 42 U.S.C. § 406(b).

2. Plaintiff's counsel is awarded **$41,801.40** in attorney's fees, to be paid out of the sums withheld by the Commissioner from Plaintiff's past-due benefits.

3. Plaintiff's counsel shall reimburse Plaintiff **$8,230.53**, the amount previously paid by the government under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

Dated this 5th day of October, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge